Our next case is number 23, 2087, Johnson v. Collins. Okay, Mr. DeHakwas. Good morning. May it please the Court, Kenny DeHakwas for Mr. Johnson. On behalf of Mr. Johnson, I do want to thank this Court for the opportunity to present his appeal. Mr. Johnson seeks review of a final decision from the Board that found 38 U.S.C. 5313 limits how much compensation he is owed based on his 2007 claim. The Veterans Court found that because the Board also remanded a separate collateral attorney fee matter, it lacked jurisdiction. The Veterans Court is wrong. It's entirely collateral because the attorney's fee reduces his recovery, right? It does not, Your Honor, and this is where the Veterans Court analysis and the Secretary's argument is defective. The amount of retroactive benefits is static. Under Snyder, the calculation of the retroactive benefits... The amount that he receives would be reduced by the amount of the attorney's fee, right? It does, but that amount of money, Your Honor, is unrelated to how much money is owed under 5313. So the attorney's fee is calculated based on the total amount of retroactive benefits. The amount that the government pays him will be affected by the amount of the attorney's fee. No, Your Honor, and the reason it's not is because the attorney's fee is owed from the veteran to the attorney. The contract and the withholding arrangement... Pays that out, the VA to the attorney, or the VA gives all the money to Mr. Johnson and then Mr. Johnson cuts a check to the attorney? It depends, Your Honor. In this case... What's it here? In this case, Mr. Johnson asked the VA to hold some of his benefits... So it is the VA that, in fact, transmits the money to Mr. Hood, the attorney, and then transmits a different basket of money to Mr. Johnson after everything is sorted out with the attorney fee question. That is correct, Your Honor, but the amount of fee that's owed to Mr. Hood will not change how much money the VA owes Mr. Johnson under whether 5313 is or is not applied, and that's why it's collateral. The attorney fee is calculated irregardless of 5313's application. I hear what you're saying. I agree with you that whether 5313 applies seems to be separate. On the other hand, the question of how much the attorney fees will be does seem to be related to how much the recovery is. As I understand, the remand is looking at whether the attorney fees would be reasonable with 5313 applying because then it turns out that the veteran owes more than he's collected, right? Precisely. That seems related in that sense. In other words, I hear what you're saying about whether 5313 applies seems unrelated to the attorney fees question, but on the other hand, the attorney fees question does seem related to whether 5313 applies. Does that make sense? It does, Your Honor, and my response to that is, in this case, the board reformed the contract and said the veteran cannot owe more than some ... It capped how much the attorney fee can be, and it capped it based on the expectations of the parties that Mr. Hood clearly communicated, look, I don't want to get so much money that the veteran's going to be in debt, and I don't want to take all of his money. What the board did is they reformed the contract, and they said the attorney's fee is going to be capped based on the application of 5313 and the 10% rating that's payable under that statute, and so whatever the attorney's fee ends up being, it can never be more than what the amount of money paid to Mr. Johnson under 5313. But the amount of the fee is still being litigated, right? It's not as though it's been set. It has, Your Honor. That's correct. The amount of the fee ... Well, not precisely, Your Honor. The total fee that is at issue is set. It's set based on the post-release portion, which nobody's disputing right now, and it's set on the pre-release portion, which is capped by application of 5313. So there's an X number of dollars that is owed as a fee, and the remand order was to the general counsel to determine how much of that fee goes to the veteran and how much of that fee goes to the attorney. In the board's order, we can see on page 80 ... So there's still a dispute about how much the attorney is going to get, right? Say that again, Your Honor? There's still a dispute as to how much the lawyer is going to get. There is, Your Honor, except that it has nothing to do with and will not affect the final order here on the application of 5313 to Mr. Johnson's award. And when we look at page 82 of the appendix, item number six of the remand order, it says to disperse the remainder of any past due benefits on the pre-release portion, and then in parentheses, calculated based on the amount payable for a 10% rating under 5313, which was the $17,000. They asked the VA to confirm that amount. But basically what the board has said is Mr. Johnson is only going to get $17,000 for those years that he was in prison because 5313 mandates that. That number will never change whether Mr. Hood gets a full 20% of the fee calculated from that or a lesser amount. You can appeal the application of 5313 after the VA OGC resolves the attorney fee question, right? We don't know, Your Honor. That's why we filed this appeal, and that's why we're here. You made it clear, I thought, that that is in fact the case, and that the remand by the board was not just to resolve the attorney's fees, but that the amount of benefits that Mr. Johnson will receive for the pre-release portion time period, it's all being held in abeyance. And so in that sense, there's nothing final about the amount of past due benefits for the pre-release portion. So if it is true that Mr. Johnson can still appeal all of this after resolution of final dollar amounts that get accorded to all the parties, then there's no harm to Mr. Johnson in waiting to get that final resolution as I understand it. If that were true, Your Honor, yes, there would be no harm. However, my first response is that the board cannot adjust the jurisdiction of the Veterans Court. And the two cases that the court's order highlighted are warnings to all of us that if you make a mistake and you guess wrong, you're out of luck. And so we filed this appeal to clarify whether we should have waited or if we're allowed to file the appeal now. So this is more of a cautionary appeal? For the most part, yes, Your Honor. I mean, obviously it didn't start as that as the court's order highlighted. The parties didn't raise a jurisdictional issue. The court raised it on its own and dismissed the appeal. And we filed this appeal to ensure that we should have, in fact, waited and this wasn't the proper vehicle for challenging the application of that statute. However, looking at the two cases that the order cited, I think it's very clear it cites a general uniform rule that attorney's fees are collateral to marriage determination and the time to appeal starts when that marriage determination occurs. In both cases, the court was looking at a rule of looking at the nature of the open fee matter and to determine whether it will have any effect on the merits matter. And here, the fee matter that was remanded has no effect on the 5313 merits issue because the total fee is calculated from the $17,000 in the board's order. That number will never change and that number is the divvying up the 20% of that is what's at issue at the agency. The merits issue is how much of the full retroactive benefits are owed to Mr. Johnson with or without the application of 5313. I would just highlight a couple points. Number one, those cases talked about what constitutes a final decision. There was a bit of back and forth in the briefing and this court's precedent talks about final decision as required under 7252 and 7266 and it said that a final decision is one where there's no further action that needs to be happened except to implement the order. And that's precisely what the final decision here was. I would just refer the court to page 60 of the appendix where it talks about our theory and at the bottom of that page, given that KHD, the attorney's assertion is based on a legal regime that lacks any basis in law, his challenges are dismissed and those challenges being to the application of 5313. There's no doubt that the board in this case rejected our argument, applied 5313 and limited the amount of payment made to Mr. Johnson based on the application of that. And again, the collateral fee matter has no bearing and will not change in any way the order of the board's application of that statute. And if there are no other questions, I will reserve the remainder of my time for rebuttal. Okay. Thank you. Mr. Carhart. May it please the court. The Veterans Court's decision should be affirmed. I'm going to begin with a couple of points. One is that this is not just a case where the attorney's fees were left to be decided on remand. It is also a case where the amount of the past due benefits was left to be decided on remand. So for example, at Appendix 79, the board instructs the RO to do an audit of how much is owed to Mr. Johnson in past due benefits. It notes an unresolved issue about the date of Mr. Johnson's release, which would affect the amount of pre-release benefits owed to Mr. Johnson. It's Appendix 63. So this is a distinct situation from what the Supreme Court was addressing in the two had a judgment saying the defendant owes the plaintiff X number of dollars and the only issue left to be resolved is attorney's fees. The board decision here is not a great decision. It's very confusing. Let's assume for the moment that there is no dispute about the amount of benefits remaining. Was the Veterans Court correct about the finality, lack of finality, if the only issue remaining is attorney's fees? So that is closer to like a Tyruis type of situation where the board resolves definitively one aspect of the claim. I think a key question in that hypothetical would be what did the board say about appeal rights because one of the risks here is that the board doesn't make it clear that it's issuing a final decision and a veteran who doesn't understand it to be a final decision misses the 120-day appeal deadline. So in a case where there's some uncertainty, then whether or not the board acknowledges appeal rights, lets the veteran know of appeals rights is an important fact and Tyruis did recognize that. So I would see that as sort of a variation of Tyruis and the key questions are is that a board decision that let the veteran know that this is final and they can appeal it because otherwise the veteran is at risk of missing that 120-day appeal deadline and being out of luck entirely. Another, to add to the discussion of the board's remand order, and this did come up somewhat in questioning, but the board makes it clear to the veteran that you can, there's a process for appealing this decision later, this order later on down the line, this issue about 5313 and anything else. And Mr. Johnson's notice of supplemental authority noted that there's a case of the veterans court right now which raises this 5313 issue that he's brought. So the briefing hasn't started on that, but it certainly is not the case that he needed to appeal the 5313 ruling in this case to be able to appeal it at a later date. The court doesn't have any other questions. We ask that the court affirm the decision of the veterans court. Okay, thank you. So just to clarify, Your Honor, the past due benefits, there's some of the terms in here are being, I think, mixed up. Past due benefits under Snyder for an incarcerated veteran or a veteran who's not incarcerated are the same. Snyder says you start with the date of claim, you calculate each month's difference from what they were receiving to what they're entitled to, and that represents the past due benefits. The amount of money paid is what's at issue here, and that's the final decision. But the government says that the amount of benefits is still undetermined. What's the answer to that? The answer is that the past due benefits is already determined, Your Honor. That was done when the VA granted the total rating and assigned an effective date of 2007. So the amount of past due benefits is the 400 and some thousand dollars. But the... There's some question about the release date or something like that? I think that's what I heard the government say. There was to some degree, Your Honor, but it was within a month. And I think that that's a trivial fact that is unrelated to whether the application of 5313 is a final determination or not. So the past due benefits is the same regardless of when he was released from prison or for any other veteran, whether they were even in prison. The question here is how much of those past due benefits are payable to Mr. Johnson. And that amount is what was finally decided by the board when it rejected our argument that it does not apply and said, no, you're paid at the 10% rate. And again... Did Veterans Court address this question as to whether there's a issue as to the amount of past due benefits? The Veterans Court... In the Veterans Court decision, appendix page four, I'll start there and then I'll get to the more specific answer to your question, Your Honor. The last full paragraph starts out with... And it says, third, the board rejected Mr. Johnson's argument that withholding requirement of 53A didn't apply because he was not incarcerated. I think that's a very clear statement from the Veterans Court that it understood the board to have made a final decision on that. Well, not on that legal issue. On that legal issue. Yes, Your Honor. What we're talking about now is whether there's a computational issue with respect to the amount of benefits because of the release date or because of something else. The Veterans Court, as far as I read, the order did not comment on that. The only part of the order, page six of the appendix, middle of that first full paragraph, starting with the court cannot exercise, you'll see it says, so the board's discussion of the applicability of 5313A and the question of the amount of proper allocation of that portion of the award was remanded. And then it goes on to, and then there's a parenthetical and then says, thus the decision, the section 53 analysis was part of its remand, which is just not true. The remand was ordered in order to calculate the reasonable fee based on the application of 5313. Looking at the board's opinion, how do we respond to the portions that were cited by the government's attorney for the proposition that there were still some determinations that had to be made about, you know, release date and the calculation of the amount owed to the veteran? So the audit, Your Honor, was made primarily to verify the board's calculations. You'll see that they talked about that. And yes, there was an audit in order to determine his precise release date. But again, the past due benefits doesn't change depending on when he was released from prison. Well, it certainly does under the government's view. Well, again, under Snyder, past due benefits is static. It never changes. The amount of money that he's owed, past due benefits is not what Mr. Johnson gets deposited into his account. Past due benefits is how much the claim is worth. And whether the applicability of 5313 is what's in dispute here, and that has been set and  the AOJ has no, under this board's order, we read it to not give any discretion for the AOJ to say 5313 cannot apply. The board considered and explicitly rejected that argument, calculated the benefits based on the 10% rating required under 5313, and so it is a final decision. One last point. I think we're out of time here. Okay. Thank you, Your Honor. Thank both counsels.